UNITED STATES DISTRICT COURT
IN THE WESTERN DISTERICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHAUN CARPENTER,<br><br>    Plaintiff,<br><br>v.<br><br>MANISTEE COUNTY, and MANISTEE COUNTY SHERIFF DEPUTY B. FITCH, in his individual Capacity, Jointly and Severally,<br><br>    Defendants. | Case No. 1:18-cv-1316<br>HON. PAUL L. MALONEY |

| | |
|---|---|
| Jonathan R. Marko (P72450)<br>Kevin S. Ernst (P44223)<br>Stephen M. Lovell (P80921)<br>Ernst & Marko Law PLC<br>Attorneys for Plaintiff<br>645 Griswold, Suite 4100<br>Detroit MI  48226<br>313-965-5555<br>jon@ernstmarkolaw.com<br>kevin@ernstmarkolaw.com<br>stephen@ernstmarkolaw.com | Allan C. Vander Laan (P33893)<br>Bradley C. Yanalunas (P80528)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI  49546<br>616-975-7470<br>avanderlaan@cmda-law.com<br>byanalunas@cmda-law.com |

**DEFENDANTS', MANISTEE COUNTY AND MANISTEE COUNTY SHERIFF DEPUTY B. FITCH,  ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND**

NOW come Defendants, Manistee County and Manistee County Sheriff Deputy B. Fitch, by and through their attorneys, Cummings, McClorey, Davis & Acho, P.L.C., and in answer to Plaintiff's Complaint state:

## VENUE AND JURISDICTION

1. Plaintiff is, and was at all times relevant hereto, a citizen of the United States and State of Michigan.

**ANSWER:  Upon information and belief, admitted.**

2. The cause of action arose in the City of Manistee, County of Manistee, State of Michigan.

**ANSWER:  Admitted.**

3. Defendant B. Fitch was at all times relevant hereto, a Manistee County Sheriff Deputy, and is being sued in his individual capacity.

**ANSWER:  Admitted Defendant B. Fitch during the time period specified in the Complaint was a Manistee County Sheriffs' Deputy.  As to the remaining allegations, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

4. Defendant Manistee County was at all times relevant hereto a political subdivision of the State of Michigan.

**ANSWER:  Admitted.**

5. At material times, Defendant Fitch acted under color of state law, and pursuant to the policies, practices, customs, and usages of the Manistee County Sheriff's Department.

**ANSWER:  Admitted Defendant Fitch acted under color of state law.  As to the remaining allegations, neither admitted nor denied, as the Defendants have**

**insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

6. The claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

**ANSWER:  Defendants do not contest jurisdiction.  As to any remaining allegations, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

## FACTUAL ALLEGATIONS

7. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

**ANSWER:  Defendants reallege and incorporate by reference their answers to each and every paragraph 1-6 of their Answer to Plaintiff's Complaint as though fully set forth herein.**

8. On August 8, 2017, Plaintiff was peacefully exercising his First Amendment rights by protesting and picketing against various government actions on a public sidewalk in front of the Vogue Theater in Manisteee [sic.], Michigan.

**ANSWER:  Admitted on August 8, 2017 Plaintiff was at or near the Vogue Theater in Manistee, Michigan.  The remaining allegations are denied as untrue.**

9. An employee of the Vogue asked Plaintiff to move.

**ANSWER:  Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

10. Although Plaintiff was not legally obligated to discontinue his peaceful protest and move from the public sidewalk, he nonetheless moved across the street and continued his peaceful protest on a sidewalk in front of the PNC Bank across the street from the Vogue.

**ANSWER:  Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

11. At that point, Defendant Fitch approached Plaintiff and informed him he had a "complaint" about him.

**ANSWER:  Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

12. Plaintiff asked who made the complaint, Defendant Fitch told him it was the Vougue [sic.] Theater, and Plaintiff responded that they asked him to move and he did so.

**ANSWER:  Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

13. Plaintiff then indicated he was freely expressing his views pursuant to his constitutional rights, at which time Defendant Fitch replied that he could not

express his views if it disturbed "the peace and harmony of someone else", in other words, Defendant Fitch informed Plaintiff that his First Amendment rights were subject to a heckler's veto.

**ANSWER:  To the extent Plaintiff's allegation implies any wrong doing by these Defendants, it is denied as untrue.  As to the remaining allegations, neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

14. Defendant Fitch then demanded to know Plaintiffs name and instructed Plaintiff to surrender his identification.

**ANSWER:  Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

15. Plaintiff stated he was exercising his right not to identify himself and asked whether he was committing a crime.

**ANSWER:  Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

16. Defendant Fitch then falsely told Plaintiff that "believe it or not there is a Michigan law that requires you to identify yourself upon demand of a peace officer", he then told Plaintiff he was a peace officer and was demanding that Plaintiff identify himself because he needed to see "if you are wanted for anything and stuff like that".

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

17. Plaintiff responded that he was not giving Defendant Fitch his name.

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

18. Defendant Fitch responded, 'Then you go to jail."

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

19. Plaintiff, replied "that is a violation of my rights".

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

20. Defendant Fitch replied,"No. Until I can properly identify you, you will be held."

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

21. Plaintiff replied that he did not have to provide his name because he had not committed any crime.

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

22. Although Plaintiff was peacefully standing on a public sidewalk talking to Defendant Fitch without even slightly raising his voice, Defendant Fitch told Plaintiff he was being "disorderly".

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

23. Plaintiff, who had been peacefully standing on the sidewalk during the entire exchange, responded that he was not being disorderly.

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

24. Defendant Fitch then asked Plaintiff if he wanted to give him his name or did he want to go to jail.

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

25. Plaintiff stated he would exercise his rights at which point Defendant Fitch indicated he was going to arrest Plaintiff and search his person, and if Plaintiff had "an ID on you, I'll identify you that way".

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

26. Defendant Fitch then told Plaintiff he was arresting him "for failure to identify".

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

27. Plaintiff reiterated that he was not required to identify himself, and Defendant Fitch again said he was required by law to do so because he (Fitch) asked him to identify himself.

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

28. When Plaintiff still did not identify himself, Defendant Fitch said, "OK, let's go" and proceeded to arrest Plaintiff.

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

29. Although Plaintiff had a right to resist this unlawful arrest, he did not physically resist, but verbally protested.

**ANSWER:  Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

30. Defendant Fitch nonetheless slammed Plaintiff into the cement wall of PNC Bank, removed Plaintiffs backpack, while Plaintiff cried out that Fitch was stealing his property, and then Fitch grabbed Plaintiff by the throat (around his windpipe), and pinned him against the wall by his throat.

**ANSWER:  Denied as same is untrue.**

31. Defendant Fith [sic.] then spun Plaintiff around and kicked him on the right leg with such excessive force that it fractured Plaintiffs tibia, and Plaintiff fell to the ground.

**ANSWER:  Denied as same is untrue.**

32. Plaintiff was then handcuffed while on the ground, and Defendant Fitch continued to asssault [sic.] him even though he was not reisisting [sic.].

**ANSWER:  Denied as same is untrue.**

33. Other officers then arrived and Plaintiff was taken into custody and taken to Munson Manistee Hospital where he was diagnosed with a fractured tibia.

**ANSWER:  Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

34. At the hospital, medical professionals put a cast on Plaintiffs leg, and he was then taken to Manistee County Jail.

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

35. Plaintiff was detained in the Manistee County Jail for approximately two days, until he was able to post bond.

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

36. On August 11, 2018, the county prosecutor nolle prosquied the case "in the interest of justice" "after review of the body cam footage".

**ANSWER: Neither admitted nor denied, as the Defendants have insufficient information and/or belief upon which to form an answer and, therefore, leave Plaintiff to his proofs.**

## COUNT I

## CONSTITUTIONAL VIOLATIONS.DEFENDANT FITCH

37. The actions and/or omissions of Defendants as described above constitute violations of the United States Constitution as follows:

   a. An unreasonable seizure, arrest, and detention in violation of the Fourth and Fourteenth Amendments to the United States Constitution;

   b. Excessive use of force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

   c. A violation of Plaintiffs First Amendment right to peacefully protest

against government action in a public place as applied to the States by the Fourteenth Amendment

**ANSWER:  Denied as the same is untrue.**

38. The rights at issue here were clearly established at the time of the constitutional violations, and any reasonable police officer should have been aware of Plaintiffs rights and should have recognized his actions violated said rights.

**ANSWER:  Denied as the same is untrue.**

## COUNT II

## MONELL VIOLATION.DEFENDANT MANISTEE COUNTY

39. At the time of Plaintiffs unlawful arrest, Defendant Manistee County, through its Sheriffs Office, had a policy, practice and/ or custom of arresting citizens who refused to provide identification to deputy sheriffs even when the arrested citizens were not being lawfully detained.

**ANSWER:  Denied as the same is untrue.**

40. This unconstitutional policy, practice and/or custom was a driving force behind the constitutional violations suffered by Plaintiff.

**ANSWER:  Denied as the same is untrue.**

## DAMAGES

41. As a direct and proximate result of the unconstitutional actions of the individual and official Defendants as set forth above, Plaintiff was caused the following injuries and damages, past and future, including but not limited to:

a. A fractured tibia,

    b.    Pain and suffering.

    c.    Mental anguish, mental distress and loss of the enjoyment of life and social activities.

    d.    Fear, anxiety, depression.

    e.    Special damages including medical expenses.

**ANSWER: Denied as the same is untrue.**

42. As a result of the Defendants' unconstitutional actions and/or omissions, Plaintiff is entitled to recover for the damages and injuries referenced above in the form of economic and non-economic compensatory damages, and is entitled to recover punitive damages as Defendants' acts and/or omissions merit an award of same.

**ANSWER: Denied as the same is untrue.**

46. [sic.] Plaintiff is also entitled to recover reasonable costs and attorney's fees under 42 USC § 1988.

**ANSWER: Denied as the same is untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

## **AFFIRMATIVE DEFENSES**

NOW COME the Defendants and give notice that they may establish by way of motion, at trial or otherwise, the following Affirmative Defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to state a claim against the Defendants in their official capacity.

3. Plaintiff's claims against Defendants are barred by immunity granted by law, specifically Section 7 of Michigan's Governmental Immunity Act, Mich. Comp. Laws § 691.1401, *et seq*.

4. The Individual Defendants are entitled to qualified immunity from suit on Plaintiff's claims under Section 42 USC §1983 because reasonable officers could disagree as to whether Defendant's conduct violated clearly established law.

5. Defendants' actions were reasonable, lawful, and justified under the totality of the circumstances.

6. Defendants, under the totality of the circumstances, had sufficient legal and factual basis, i.e., reasonable suspicion and/or probable cause under the totality of the circumstances to justify the stop, seizure, search and detention of the Plaintiff.

7. Defendants, under the totality of the circumstances, had sufficient legal and factual basis to lead an ordinarily prudent person to present to the County prosecuting authorities facts and circumstances sufficient to initiate a criminal prosecution based on probable cause.

8. Defendants were acting within the scope of his authority.

9. Defendants were acting in a good faith belief that his actions were within the scope of his employment and of his legal authority.

10. Plaintiff's claims are barred, in whole or in part, by the holding in *Monell v New York City Department of Social Services*, 436 U.S. 658 (1978) for the reason that

Plaintiff has failed to plead facts in support of the claim that the individual Defendant acted pursuant to a policy, practice or custom of the Manistee County Sheriff's Department.

11. Defendant County is entitled to absolute immunity from civil damages liability as there is no official County policy, custom, or procedure which resulted in a deprivation of Plaintiff's constitutional rights as defined by law, thereby barring plaintiff's claim. *Monell v New York City Department of Social Services*, 436 U.S. 658 (1978).

12. Any injuries and/or damages suffered by Plaintiff were due to his own comparative and/or contributory negligence.

13. If the evidence revealed through discovery supports such an argument, Defendants reserve the right to contend that Plaintiff has failed to mitigate his damages.

14. Defendants are entitled to any setoff or expenses and benefits provided by law as a result of the incident described in Plaintiff's Complaint.

15. Plaintiff's claim may be barred or reduced by release, payment, prior judgment and/or discharge.

16. Defendants did not violate Plaintiff's First Amendment right to protest government action in a public place.

17. Defendant was privileged to use force as a law enforcement officer.

18. Plaintiff has failed to identify deficiencies in the City's training of its police officers that were the moving force behind his alleged injuries.

19. There is no joint and/or several liability under 42 U.S.C. §1983 or Michigan

law.

20. Plaintiff's damages, in whole or in part, were not proximately caused by the conduct of Defendant.

21. Plaintiff's injuries, if any, pre-existed the conduct at issue in this action.

22. Some or all of the claims or issues asserted are barred by preclusion doctrines.

23. Plaintiff is not permitted to use the preclusion doctrine offensively.

24. Defendant reserves the right to amend and add to his affirmative defenses as warrant by factual development during discovery.

WHEREFORE, Defendants respectfully request this Honorable Court dismiss the Plaintiff's Complaint and enter a judgment in favor of these Defendants, together with an award of costs and attorney fees wrongfully incurred.

## **RELIANCE UPON JURY DEMAND**

Defendants hereby rely upon the Demand for Trial by Jury filed by Plaintiff in the above entitled cause of action.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

/s/ Allan C. Vander Laan
    Allan C. Vander Laan (P33893)
    Bradley C. Yanalunas (P80528)
    Attorneys for Defendants
    2851 Charlevoix Dr., S.E. - Suite 327
    Grand Rapids MI  49546
    616-975-7470

Dated:  February 6, 2019