UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN CARPENTER,

        Plaintiff,

    v.

MANISTEE COUNTY, and MANISTEE
COUNTY SHERIFF DEPUTY B.FITCH
In his individual Capacity, Jointly and
Severally,

        Defendants.

Case No. 1:18-cv-1316
HON. PAUL L. MALONEY

---

| | |
|---|---|
| STEPHEN M. LOVELL (80921) | ALLAN C. VANDER LAAN (P33893) |
| JONATHAN R. MARKO (P72450) | BRADLEY C. YANALUNAS (P80528) |
| **Ernst & Marko Law, PLC** | **Cumming, McClorey, Davis & Acho** |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 645 Griswold Street, Suite 4100 | 2851 Charlevoix Dr., S.E. - Suite 327 |
| Detroit, Michigan 48226 | Grand Rapids, MI 49546 |
| (313) 965-5555 | (616) 975-7470 |
| (313) 965-5556 | avanderlaan@cmda-law.com |
| stephen@ernstmarkolaw.com | byanalunas@cmda-aw.com |
| jon@ernstmarkolaw.com | |

---

## **JOINT STATUS REPORT**

A **Rule 16 Scheduling Conference** is scheduled for **March 6, 2019**, before the

Honorable **Paul L. Maloney.**  Appearing for the parties as counsel will be:

Stephen M. Lovell (P80921) – Counsel for Plaintiff

Allan C. Vander Laan (P33893) – Counsel for Defendants

1. **Jurisdiction**:   The claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

2. **Jury or Non-Jury:**   This case is to be tried before a Jury.

3. **Judicial Availability:**   The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Plaintiff's Statement of Case:**

This case involves claims for an unreasonable seizure, arrest, and detention in violation of the Fourth and Fourteenth Amendments to the United States Constitution, excessive use of force in violation of the Fourth and Fourteenth Amendments to the United States Constitution, a violation of Plaintiff's First Amendment right to peacefully protest against government action in a public place as applied to the States by the Fourteenth Amendment against Defendant Fitch and a *Monell* claim against Defendant Manistee County.  Plaintiff was peacefully protesting when he was arrested by Defendant Fitch after Plaintiff refused to provide government-issued identification.  During the arrest, Plaintiff claims that during the arrest Defendant Fitch slammed his head into a wall, choked him, kicked him in the right leg with such excess force as to break Plaintiff's tibia, and then continued to assault Plaintiff while he was handcuffed on the ground.

**Defendants' Statement of the Case**:

Defendants deny any liability or wrongdoing in this matter.  Defendants did not violate plaintiff's Constitutional rights as alleged in his Complaint.  Defendants incorporate their Answer and Affirmative Defenses.

5. **Prospect of Settlement:** There have been no settlement discussions between the parties. Defendant has requested the parties engage in early settlement discussions.

6. **Pendant State Claims:** This case does not include pendent state claims.

7. **Joinder of Parties and Amendment of Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **April 15, 2019.**

8. **Disclosure and Exchanges:**

(a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

        Plaintiff's Initial Disclosures:        April 15, 2019

        Defendants' Initial Disclosures:       May 1, 2019

(b) The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by July 15, 2019. Defendant expects to be able to furnish the names of defendant's expert witness(es) by July 22, 2019.

(c) It would not be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

        Plaintiff's Expert Witness Report Exchange: August 31, 2019

Defendants' Expert Witness Report Exchange:  September 30, 2019

(d) The parties have agreed to make available the following documents without the need of a formal request for production:

Defendant:  Incident reports, video.  Personnel file pursuant to a Protective Order.

Plaintiff: Any documents identified in Plaintiff's initial disclosures.

9. **Discovery:**  The parties believe that all discovery proceedings, including defense medical examinations, can be completed by **October 31, 2019.** The parties recommend the following discovery plan, and acknowledge that if the Court believes that discovery motion have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing of these motions from the Court to the parties:

| | |
|---|---|
| Discovery Begins: | 03/06/2019 |
| Initial Disclosures Due: | 04/15/2019 – Plaintiff |
| | 05/01/2019 – Defendant |
| Witness List Disclosure Due: | 07/30/2019 |
| Discovery Ends: | 10/31/2019 |
| Dispositive Motions Due: | 11/30/2019 |

10. **Disclosure or Discovery of Electronically Stored Information:**  The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

Parties do not anticipate discovery of electronically stored information. However, if electronically stored information is requested, electronically stored

information may initially be produced in paper format, native format (in form in which the information was created and is used in the normal course of operations), or other reasonably used format (e.g., tif), at the election of the party producing it. In the event that the requesting party desires production in a format in addition to that in which it has been produced, the parties will confer in an attempt to agree on further production, including the format and the disclosure of identified metadata.

11. **Assertion of Claims of Privilege or Work—Product Immunity After Production:** The parties have not agreed on a procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery.

12. **Motions:** The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

    Plaintiff –    None

    Defendant –    Motion for Summary Judgment

The parties anticipate that all dispositive motions will be filed by 11/30/2019.

13. **Alternative Dispute Resolution**: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution. The parties recommend ADR after depositions of Plaintiff and individual Defendant.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

Plaintiff: Plaintiff agrees to facilitative mediation pursuant to W.D. Mich. LCivR 16.3 and any settlement conferences this Court requests.

14. **Length of Trial:** Counsel estimates the trial will last approximately **5** days total, allocated as follows: **3** days for Plaintiff's case, and **2** days for Defendant's case.

15. **Electronic Document Filing System:** Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties

with paper documents in the traditional manner.

16. **Other**: None.

        Respectfully submitted:

        **Ernst & Marko Law, PLC**

        /s/ *Stephen M. Lovell*
        Stephen M. Lovell (P80921)
        Attorneys for Plaintiff
        645 Griswold Street, Ste. 4100
        Detroit, Michigan 48226
        Tel: (313) 965-5555
        Fax: (313) 965-5556
        stephen@ernstmarkolaw.com


        CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

        /s/ *Allan C. Vander Laan*
        Allan C. Vander Laan (P33893)
        Bradley C. Yanalunas (P80528)
        Attorneys for Defendant
        Cummings, McClorey, Davis & Acho. P.L.C.
        2851 Charlevoix Drive, SE, Ste. 327
        Grand Rapids, MI 49546
        616/975-7470

Dated: March 5, 2019